MILSTEIN ADELMAN, LLP
Paul D. Stevens, State Bar No. 207107
E-mail: pstevens@milsteinadelman.com
Corina N. Maccarin, State Bar No. 263748
E-mail: cmaccarin@milsteinadelman.com
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Fax: (310) 396-9635

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bogart, LLC, a Delaware Limited Liability Company, <br><br> *Plaintiff,* <br><br> vs. <br><br> Corinthian, Inc., a Mississippi Corporation, R.C. Willey Home Furnishings, a Utah Corporation and DOES 1 through 100, inclusive, <br><br> *Defendants*. | CASE NO. <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> 1. MISAPPROPRIATION OF RIGHT OF PUBLICITY (CALIFORNIA CIVIL CODE §3344.1); <br> 2. FEDERAL TRADEMARK INFRINGEMENT – FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a)); <br> 3. FEDERAL TRADEMARK INFRINGEMENT – DILUTIONI (15 U.S.C. §1125(c)); <br> 4. FEDERAL TRADEMARK COUNTERFEITING (15 U.S.C. § 1114); <br> 5. FEDERAL TRADEMARK INFRINGEMENT – CONFUSION (15 U.S.C. §1114); <br> 6. UNJUST ENRICHMENT <br> 7. QUANTUM MERUIT <br><br> **[*JURY TRIAL DEMANDED*]** |

**COMES NOW** Plaintiff Bogart, LLC (hereinafter referred to as "Plaintiff"), by and through its counsel, and files this Complaint against Defendants Corinthian, Inc. ("Corinthian"), R.C. Willey Home Furnishings ("R.C. Willey") and Does 1 through 100, inclusive, and shows this Court the following:

## NATURE OF THE ACTION

1.     Plaintiff brings this action against Defendants Corinthian, R.C. Willey and Does 1 through 100, inclusive, (all Defendants are collectively referred to hereinafter as "Defendants") under state and federal law for Defendants' unauthorized commercial use of Plaintiff's intellectual property, including but not limited to the name and trademark "Bogart" and the publicity rights of Humphrey Bogart.  As a result of Defendants' unlawful actions, Plaintiff seeks damages, attorneys' fees, costs and preliminary and permanent injunctive relief.

## PARTIES & JURISDICTION

2.     Plaintiff Bogart, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Pasadena, Los Angeles County, California.

3.     Plaintiff is informed and believes that, at all relevant times, Defendant Corinthian is a Mississippi corporation that has purposefully transacted and continues to transact business within the State of California and in the Eastern District of California and in other states throughout the United States.

4.     Plaintiff is informed and believes that, at all relevant times, Defendant R.C. Willey is a Utah corporation that has purposefully transacted and continues to transact business within the State of California and in the Eastern District of California and other states such as Nevada, Utah and Idaho.

5.     Plaintiff is informed and believes that, at all relevant times, Defendant R.C. Willey has operated two retail store locations in Rocklin, California and Roseville, California, both located in the Eastern District of California. R.C. Willey has sold thousands of dollars of products in these stores, located in the Eastern District of California, unlawfully utilizing Plaintiff's intellectual property at issue in this case, i.e. Corinthian's "Bogart Collection."

6.     Plaintiff is informed and believes that, at all relevant times, Defendant Corinthian purposefully transacted and continues to transact business within the Eastern District of California, specifically shipping tens of thousands of dollars worth of merchandise, including the merchandise at issue in this case which unlawfully contains and utilizes Plaintiff's intellectual property, i.e. Corinthian's "Bogart Collection," to Defendant R.C. Willey's two retail store locations in Rocklin, California and Roseville, California located in the Eastern District of California for resale in the Eastern District of California.

7.     Plaintiff is informed and believes and based thereon alleges that the fictitiously-named Defendants sued herein as Does 1 through 100, and each of them, operating in California (including in the Eastern District of California), as

- 2 -

well as in other states and countries, are in some manner responsible or legally

liable for the actions, events, transactions and circumstances alleged herein which

include but are not limited to advertising, marketing, and or selling "Bogart"

branded furniture products identified below.

8.     The true names and capacities, whether individual, corporate, associate

or otherwise, of Defendants Does 1 through 100, inclusive, are presently unknown

to Plaintiff, who therefore sued the Doe Defendants by such fictitious names.

When the true names and capacities of such fictitiously named defendants have

been ascertained, Plaintiff will amend this pleading accordingly.

9.     Plaintiff is informed and believes and thereon alleges that each of the

fictitiously named defendants are in some manner responsible for the acts,

omissions and occurrences hereinafter alleged and actually and proximately caused

and contributed to the various injuries and damages referred to herein.

10.    The defendants identified in paragraphs 3 through 8, above, shall be

referred to collectively as "Defendants."

11.    Whenever reference is made in this Complaint to any act of any

Defendants, such allegation shall mean that each Defendant acted individually and

jointly with the other Defendants.

12.    Plaintiff is informed and believes that any allegation about acts of any

corporate or other business defendant means that the corporation or other business

did the acts alleged through its officers, directors, employees, agents and/or

- 3 -

representatives while they were acting within the actual or ostensible scope of their authority.

13.     Plaintiff is informed and believes that at all relevant times, each Defendant committed the acts, caused or directed others to commit the acts, or permitted others to commit the acts alleged in this Complaint.  Additionally, some or all of the Defendants acted as the agent of the other Defendants, and all of the Defendants acted within the scope of their agency as if acting as an agent of another.

14.     Plaintiff is informed and believes that at all relevant times, each defendant knew or realized that the other Defendants were engaging in or planned to engage in the violations of law alleged in this Complaint.

15.     This is a civil action seeking injunctive relief and damages for trademark infringement under the Lanham Act (15 U.S.C. §§1114 and 1125, *et seq*.) and violations of various statutory and common laws of the State of California for misappropriation of Humphrey Bogart's publicity rights.

16.     This Court has subject matter jurisdiction over Plaintiff's claims trademark infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), this Court has supplemental jurisdiction over Plaintiff's state and common law claims for commercial misappropriation of publicity rights, and their other claims herein pled in that they are so related to

Plaintiff's claims under the federal trademark laws as to be part of the same case or controversy.

17.    This Court has personal jurisdiction over Defendants in that, among other things, (a) Defendants are located, reside and/or have their principal place of business in the State of California, (b) Defendants are engaged in tortuous conduct within the State of California and in this District, including importing and distributing products unlawfully using Plaintiff's trademarks and Humphrey Bogart's publicity rights, and (c) Defendants' conduct causes injury to Plaintiffs and their intellectual property within the State of California.

18.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(a).

## GENERAL ALLEGATIONS

19.    Plaintiff owns intellectual property rights, including but not limited to all publicity rights, of and associated with the legendary actor Humphrey Bogart, whose name, image, likeness, identity and celebrity persona have tremendous commercial value.

20.    From at least February 2004 until March 4, 2011, Plaintiff (and its predecessors in interest) owned a registered trademark from the United States Patent and Trademark Office for the mark BOGART in International Class 20 (furniture) ( the "Registered  Trademark"), which was acquired by Bogart, Inc. from Canadian Atlas Furniture Corporation pursuant to a Trademark Settlement

Agreement.  Plaintiff was and is the exclusive owner of all rights in and to the

Bogart IP Rights, including, but not limited to, the Registered Trademark that is the

subject of the following registration: the mark BOGART, under Reg. No.

2,868,210, registered on August 3, 2004.  This registration was in full force and

effect until March 4, 2011, at which time Plaintiff voluntarily allowed the

cancellation of the mark.

21.     On April 30, 2010, prior to the cancellation of its other BOGART

mark, Bogart, LLC filed an application with the United States Patent and

Trademark Office for the mark BOGART, Serial No. 85027780 in the same

International Class 20 (furniture) but with a broader defined use than it's original

"BOGART" mark, Registration No. 2,868,210, in International Class 20 (furniture).

The April 30, 2010 application for the BOGART mark is pending.

22.     The Registered Trademark, the common law trademark, "Bogart" (the

"Common Law Trademark"), and other trademark rights in and to  "Bogart" are

collectively referred to herein as the "Trademarks."

23.     Defendants unlawful actions, including but not limited to federal

trademark infringement and trademark counterfeiting, took place during a time that

Plaintiff had the active, federally registered trademark BOGART, Regis. No.

2,868,210, in full force and effect.

24.     Prior to Plaintiff's acquiring certain intellectual property rights pertaining or related Humphrey Bogart, many of these rights were owned by Bogart, Inc.  Plaintiff and its predecessor in interest, Bogart, Inc., entered into various licensing agreements with third parties for the commercial use of Humphrey Bogart's name, image, likeness, celebrity persona and various associated trademarks.  Bogart, Inc. previously entered into a license agreement with Thomasville Furniture for use of the BOGART name and trademark with regard to a certain line of furniture products.  As a result of the license agreement with Thomasville Furniture, both Plaintiff and Bogart, Inc. have been paid millions of dollars to date in licensing fees for the use of the "Bogart" name and trademark in connection with the Thomasville "Bogart" furniture line.

25.     Plaintiff is informed and believes that at all relevant times Defendant Corinthian has operated as a manufacturer and distributor of furniture from one or more locations, including in Mississippi.

26.     Plaintiff is informed and believes that at all relevant times Defendant R.C. Willey operated as a retailer and seller of furniture both online, through its website www.rcwilley.com, into the State of California and through numerous retail stores physically located in states of California, Nevada, Idaho and Utah, including retail stores in Rocklin, California and Roseville, California, both located in the Eastern District of California.

27.     Plaintiff is informed and believes that at all relevant times Defendant Corinthian used and currently uses the name and trademark "Bogart" in connection with several pieces of furniture marketed, distributed and sold through numerous retailers within the State of California, throughout the United States and internationally, and through various Internet sites.  The "Bogart" branded furniture that is and has been advertised, distributed and sold by Defendants includes, but is not limited to lines of furniture under the following names:  "Bogart Bart-Avanti," "Bogart Bark-Avanti" and "Bogart Harvest" (hereinafter collectively referred to as Corinthian's "Bogart Collection").

28.     Defendant Corinthian advertised their "Bogart Collection" of furniture directly to customers in California and throughout the United States through online websites and through retailers, such as Defendant R.C. Willey's retail stores, including those stores located in the Eastern District of California, and R.C. Willey's online website, www.rcwilley.com.

29.     Defendant R. C. Willey advertised and sold one or more lines of Defendant Corinthian's "Bogart Collection," and solicited these collections for sale directly to customers in California through their two retail stores located in Rocklin, California and Roseville, California. Defendant R. C. Willey also advertised these items and solicited them for sale to customers throughout the United States through the online website (www.rcwiley.com) and other retail stores located in Nevada, Idaho and Utah.

30.     Through their furniture businesses, Defendants Corinthian and R.C. Willey advertise, market, sell and ship pieces of the infringing "Bogart" Collection" throughout the United States, including but not limited to residents within the Eastern District of California.

31.     Defendants have used and continue to use the "Bogart" name, identity, persona and associated trademarks for such commercial purposes without seeking or obtaining Plaintiff's or Bogart, Inc.'s approval and without paying Plaintiff or Bogart, Inc. any compensation for the use, let alone compensation commensurate with the substantial commercial value of such rights.  Plaintiff therefore seeks monetary damages, statutory damages, and punitive damages, and an injunction to permanently stop Defendants from any and all future uses of the "Bogart" publicity rights and trademarks.

## FACTS RELATED TO HUMPHREY BOGART

32.     Humphrey Bogart is regarded as one of the greatest actors of all time by film critics, motion picture trade associations, major media organizations, and the public.  In 1941, Mr. Bogart starred in the classic film *The Maltese Falcon*. In 1942, Mr. Bogart starred in the classic film *Casablanca*, and was nominated for the Academy Award for Best Actor in a Leading Role for his performance.  In 1946, Mr. Bogart starred in the classic film *The Big Sleep*, co-starring Lauren Bacall, whom he married in May 1945.  In 1948, Mr. Bogart starred in the classic film *The Treasure of the Sierra Madre*.  In 1951, Mr. Bogart won the Academy Award for

- 9 -

COMPLAINT

Best Actor in a Leading Role for his starring role in the classic film *The African Queen*, co-starring Katherine Hepburn.  In 1954, Mr. Bogart was nominated for the Academy Award for Best Actor in a Leading Role for his starring role in the film *The Caine Mutiny*.

33.     Humphrey Bogart appeared in more than seventy (70) motion pictures from 1930 to 1956.  Among many others, Mr. Bogart starred in the following films as of 1941:

> High Sierra (1941)
> The Wagons Roll at Night (1941)
> The Maltese Falcon (1941)
> All Through the Night (1941)
> The Big Shot (1942)
> Across the Pacific (1942)
> Casablanca (1942)
> Action in the North Atlantic (1943)
> Sahara (1943)
> Passage to Marseille (1944)
> To Have and Have Not (1944)
> Conflict (1945)
> The Big Sleep (1946)
> Dead Reckoning (1947)
> The Two Mrs. Carrolls (1947)
> Dark Passage (1947)
> The Treasure of the Sierra Madre (1948)
> Key Largo (1948)
> Knock on Any Door (1949)
> Tokyo Joe (1949)
> Chain Lightning (1950)
> In a Lonely Place (1950)
> The Enforcer (1951)
> Sirocco (1951)
> The African Queen (1951)
> Deadline - U.S.A. (1952)
> Road to Bali (1952)

COMPLAINT

Battle Circus (1953)
Beat the Devil (1953)
The Caine Mutiny (1954)
Sabrina (1954)
The Barefoot Contessa (1954)
We're No Angels (1955)
The Left Hand of God (1955)
The Desperate Hours (1955)
The Harder They Fall (1956)

34.     Among many other honors, Humphrey Bogart received a Star on the "Hollywood Walk of Fame" located at 6322 Hollywood Boulevard, and his hand and foot prints are immortalized in the forecourt at Grauman's Chinese Theater in Hollywood.

35.     The American Film Institute ("AFI") periodically surveys 1,800 leaders throughout the film industry to determine their collective opinion regarding the greatest acting legends of all time, and also the greatest motion pictures of all time. According to its latest survey, Humphrey Bogart ranks **Number One** on the AFI list of the All-Time Greatest Male Acting Legends, ahead of such film legends as Cary Grant, Jimmy Stewart, Fred Astaire, Marlon Brando, John Wayne and Clark Gable. Four of the films in which Mr. Bogart starred rank within AFI's Top 100 of all-time greatest motion pictures, including:

#3: *Casablanca*
#31: *The Maltese Falcon*
#30: *Treasure of the Sierra Madre*
#65: *The African Queen*

36.     According to AFI, Mr. Bogart has delivered seven of the Top 100

Movie Quotes of all time:

> #5:  "Here's looking at you kid." (*Casablanca*)
> #14: "The stuff dreams are made of." (*The Maltese Falcon*)
> #20: "Louis, I think this is the beginning of a beautiful friendship."
>      (*Casablanca*)
> #28: "Play it, Sam. Play 'As Time Goes By.'" (*Casablanca*)
> #32: "Round up the usual suspects." (*Casablanca*)
> #43: "We'll always have Paris." (*Casablanca*)
> #67: "Of all the gin joints in all the towns in all the world, she walks into
>      mine." (*Casablanca*)

37.    Plaintiff is the successor-in-interest of all intellectual property rights and assets associated with Humphrey Bogart, including without limitation all publicity rights (i.e., name, image, likeness, voice, signature and celebrity persona) and the "Bogart" and "Humphrey Bogart" trademarks (sometimes collectively herein, the "Bogart IP Rights").  Plaintiff acquired the Bogart IP Rights in February 2009 from Bogart, Inc, pursuant to an assignment agreement. (Bogart, Inc. previously acquired the Bogart IP Rights in February 1988 from Humphrey Bogart's children, Stephen H. Bogart and Leslie Bogart, respectively, pursuant to assignment agreements.)

38.    Since at least 2003, Plaintiff and its predecessors in interest, Bogart, Inc. have owned and used the trademark "BOGART" with regard to items of furniture sold throughout the United States and internationally).

39.    Plaintiff and its predecessors in interest have consistently used the name and trademark "BOGART" in commerce in connection, among many other things, with the advertising, marketing, promotion and sale of furniture products

since at least 2003 pursuant to a license between Bogart, Inc. and Thomasville.

40.    The name, identity and persona of Humphrey Bogart, and the related name and trademark "BOGART," are recognized instantly by the public and have substantial commercial value.

41.    Plaintiff and its predecessors in interest have exercised careful consideration before permitting the commercial use of the Bogart IP Rights to ensure that they are associated with high quality products, entertainment, services and/or companies and to ensure that the value of the name, mark and publicity rights are not diminished by association with products, entertainment, services and/or companies that Plaintiff and its predecessors in interest do not desire to support.  Plaintiff and its predecessors in interest have also been meticulous in guarding against over-saturation of the name, mark and publicity rights.  Plaintiff would not and did not voluntarily allow the "Bogart" name and mark or publicity rights of Humphrey Bogart to be used for commercial purposes unless Plaintiff had carefully selected the product or service and unless the compensation paid for such use was both commensurate with the value of the exploitation of the name, mark and publicity rights, and sufficient to compensate Plaintiff for any potential diminution in value resulting from the commercial use of the name, mark and publicity rights.

42.    Plaintiff and its predecessors in interest have, on limited occasions, agreed to license certain of the Bogart IP Rights for commercial purposes, but only

- 13 -

COMPLAINT

after careful evaluation of the product or service that would be advertised, and only when the monetary compensation and other benefits were sufficient payment for the rights being exploited, and only when the use fits within an overall publicity strategy for the commercialization of Humphrey Bogart's name, image, identity, persona and legacy.

43.     Among other commercial uses, Bogart, Inc. previously licensed the "Bogart" name and trademark in conjunction with a line of furniture products manufactured and distributed by Thomasville, for which Plaintiff and Bogart, Inc. have been paid millions of dollars in licensing fees.  Moreover, Thomasville "Bogart" branded furniture line is still in the marketplace today.

## FACTS RELATED TO DEFENDANTS

44.     Plaintiff is informed and believes, and based thereon alleges, that Defendants intentionally and prominently used the name, identity and persona of Humphrey Bogart and the mark "Bogart" in advertisements, marketing and promotional materials (collectively, "Advertisements") in retail stores as well as on and through Internet sites, including but not limited to www.rcwilley.com for Defendants' "Bogart" Collections of furniture.  The Advertisements consistently and repeatedly used the name and mark "Bogart" in connection with the marketing, promotion and sale of the various items of "Bogart" furniture.  Defendants used the "Bogart" name for the purpose of attracting attention to the Advertisements and enhancing the advertising, marketing, promotion and sale of Defendants' "Bogart"

- 14 -

line of furniture.

45.     At no time did Plaintiff (or its predecessors in interest) ever give permission to Defendants to use the name and trademark "Bogart" or the identity or persona of Humphrey Bogart for the marketing and sale of a line of furniture products, or for use in the Advertisements, or any other purpose, nor has Plaintiff (or its predecessors in interest) received any compensation from Defendants for such unauthorized commercial use of the Humphrey Bogart publicity rights and associated trademarks.

46.     Plaintiff is informed and believes, and based thereon alleges, that Defendants intentionally, negligently and/or knowingly used the Humphrey Bogart name, identity, persona and associated "Bogart" trademark in the Advertisements and in connection with the marketing and sale of Defendants' "Bogart" line of furniture.

47.     Humphrey Bogart, and his successors in interest including Bogart, Inc. and Plaintiff, developed and cultivated the name, identity, persona and trademarks of Humphrey Bogart to create celebrity and universal recognition.  Defendants have, without any right, title or authorization, misappropriated Plaintiff's valuable Bogart IP Rights and the resulting success and popularity of Humphrey Bogart by unlawfully using his name, identity, persona and trademark for the aforesaid commercial purposes.

48.     Defendants' use of the "Bogart" name and mark within their Bogart

Collections of furniture was meant to refer to Humphrey Bogart.

49.     Plaintiff's remedy at law is inadequate to prevent further violations of its rights.

## **FIRST CAUSE OF ACTION**

### **(Misappropriation of Right of Publicity – California Civil Code §3344.1)**

50.     Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

51.     The conduct of Defendants, as alleged hereinabove, within and outside the State of California constitutes a violation of Section 3344.1 of the California Civil Code due to Defendants' knowing and unauthorized commercial use of Humphrey Bogart's name, identity and persona, which have substantial commercial value.

52.     As a direct and proximate result of the aforesaid wrongful acts of Defendants, Plaintiff has been damaged in an amount that is not yet fully ascertainable.  When Plaintiff has ascertained the full amount of its damages, it will seek leave of Court to amend this Complaint accordingly.

53.     Plaintiff is informed and believes, and based thereon alleges, that Defendants, in doing the things herein alleged, have acted willfully, maliciously and oppressively, and with full knowledge of the adverse effect of their actions on Plaintiff (and its predecessors in interest) and with willful and deliberate disregard for the consequences to Plaintiff (and its predecessors in interest).  By reason

- 16 -

thereof, Plaintiff is entitled to recover punitive and exemplary damages from Defendants in an amount to be determined at the time of trial.

54.     As a direct and proximate result of the aforesaid wrongful acts of Defendants, Plaintiff has incurred, and will continue to incur, substantial attorneys' fees and costs. Plaintiff is entitled to an award of its attorneys' fees and costs incurred in connection with this action pursuant to Section 3344.1 of the California Civil Code.

55.     Plaintiff also seeks a preliminary and permanent injunction to prohibit Defendants from any further commercial use of Plaintiff's trademarks and the Humphrey Bogart publicity rights, including Mr. Bogart's name, photograph, likeness, image, voice, sound-alike voice, identity and persona.

## SECOND CAUSE OF ACTION

**(Federal Trademark Infringement – False Designation of Origin, 15 U.S.C. §1125(a))**

56.     Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

57.     The name "Humphrey Bogart" and "Bogart" and associated trademarks have been extensively advertised and promoted throughout the world for over 50 years in connection with Mr. Bogart's entertainment and related services, and as a result of this advertising and promotion, the "Bogart" name and associated trademarks are recognized throughout worldwide trading areas and

channels of trade as a famous and distinctive mark which identifies the source of the entertainment and related services of Humphrey Bogart.  The trademarks are famous and distinctive within the meaning of U.S. trademark law, including 15 U.S.C. §§1125 and 1127.

58.    Defendants' use, and continuing use today, in interstate commerce of the name and mark "Bogart" in connection with the marketing and sale of certain models of its furniture products constitutes a violation of 15 U.S.C. §1125(a) in that it creates a false designation of origin as to the goods and services advertised, distributed, offered and provided by Defendants, which is likely to confuse, mislead, or deceive the consuming public and trade by creating the false impression that Defendants' furniture products were approved, sponsored, endorsed, guaranteed by and/or are in some way affiliated with, Humphrey Bogart and/or Plaintiff.

59.    Defendants' use, and continuing use, in interstate commerce of the name and mark "Bogart" in connection with the marketing and sale of furniture products also constitutes a false or misleading description or representation in interstate commerce, in violation of 15 U.S.C. §1125(a).

60.    As a direct and proximate result of the conduct of Defendants, Plaintiff is entitled pursuant to 15 U.S.C. §1117(a) to the recovery of: (1) Defendants' profits related to Defendants' furniture products that used the Plaintiff's trademark; (2) any damages sustained by Plaintiff (or its predecessors in interest) as a result of

- 18 -

Defendants' conduct, including but not limited to the fair market value of Plaintiff's intellectual property misappropriated by Defendants, the precise amount of which shall be established by Plaintiff at trial; and (3) Plaintiff's costs of suit.

61.     Plaintiff is informed and believes, and based thereon alleges, that since Defendants have committed the acts alleged above with knowledge of Plaintiff's (and its predecessors in interest) prior right to and use of the subject marks; and with the willful intent to trade on Humphrey Bogart's goodwill and reputation, this case is exceptional under 15 U.S.C. §1117(a), entitling Plaintiff to treble damages, and also the recovery of its attorneys' fees.

## THIRD CAUSE OF ACTION

**(Federal Trademark Infringement – Likelihood of Confusion, 15 U.S.C. §1114)**

62.     Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

63.     Notwithstanding Plaintiff's exclusive rights in and to the name "Humphrey Bogart," "Bogart" and associated trademarks, Defendants have, without authorization, advertised, marketed, promoted, offered to sell, and sold in interstate commerce, goods and services using the "Bogart" name and trademark to market and sell furniture products.

64.     Defendants' unauthorized use of the "Bogart" name and associated trademarks is likely to cause, and has caused, confusion, deception and mistake among the consuming public and trade by creating the false impression that the

- 19 -

furniture products that Defendants have advertised, marketed, promoted, offered for sale and sold have been approved, sponsored, endorsed, guaranteed by and/or are in some way affiliated with either Humphrey Bogart or Plaintiff (or its predecessors in interest).

65.    By reason of the foregoing, Defendants have committed and are continuing to commit trademark infringement in violation of 15 U.S.C. §1114.  As a result, Plaintiff is entitled pursuant to 15 U.S.C. 1117(a) to the recovery of: (i) Defendants' profits related to the furniture products that use Plaintiff's trademark "Bogart"; (ii) any damages sustained by Plaintiff (and its predecessors in interest) as a result of Defendants' conduct, the precise amount of which shall be established by Plaintiff at trial; and (iii) the costs of the action herein.

66.    Plaintiff is informed and believes, and based thereon alleges, that Defendants have committed the acts alleged above: (1) with previous knowledge of Plaintiff's (and its predecessors in interest) prior right to and use of the "Bogart" trademark; (2) with the willful intent to trade on Mr. Bogart's and Plaintiff's good will and reputation; and (3) with the willful intent to cause confusion, mistake or deception. As a result, Plaintiff is entitled, pursuant to 15 U.S.C. §1117(a), to treble damages, and also the recovery of its attorneys' fees.

## FOURTH CAUSE OF ACTION

### (Federal Trademark Infringement – Counterfeiting, 15 U.S.C. § 1114)

67.    Plaintiff incorporates by this reference the allegations set forth in this

- 20 -

Complaint as if set forth verbatim herein.

68.     Defendants have used spurious designations that are identical with, or substantially indistinguishable from Plaintiff's Registered Trademark BOGART in connection with the advertising, sale, offering for sale, and distribution of goods and services for their own financial gain, and such conduct by Defendants makes this an exceptional case.

69.     Defendants' use of the Registered Trademark BOGART to advertise, offer for sale, sell, and distribute Defendants' counterfeit products was and is without the consent of Plaintiff.

70.     Defendants' unauthorized use of the Registered Trademark BOGART on and in connection with advertising, offering for sale, sale, and distribution of counterfeit goods constitutes Defendants' use of the Registered Trademark in commerce.

71.     Defendants' unauthorized use of the Registered Trademark BOGART as set forth above is likely to:

> (a)     cause confusion, mistake, and deception;
>
> (b)     cause the public to believe that Defendants' counterfeit products are authorized, sponsored, or approved by Plaintiff or that Defendants are affiliated, connected, or associated with, or in some way related to Plaintiff; and
>
> (c)     result in Defendants unfairly benefiting from Plaintiff's

good will and reputation, to the substantial and irreparable injury of the public, Plaintiff and Plaintiff's Trademarks, and the substantial goodwill represented thereby.

72.    Defendants' actions as described herein and above constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

73.    As a result, Plaintiff is entitled, pursuant to 15 U.S.C. §1117(a), to treble damages, and also the recovery of its attorneys' fees; alternatively, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. §1117(c) for each trademark that Defendants have counterfeited and infringed.

74.    Defendants' wrongful acts of counterfeiting will continue unless enjoined by this Court.  Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts as aforesaid in  an amount not thus far determined. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

## FIFTH CAUSE OF ACTION

**(Federal Trademark Infringement – Dilution, 15 U.S.C. §1125(c))**

75.    Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

76.    Plaintiff is informed and believes, and based thereon alleges, that

- 22 -

COMPLAINT

Defendants' activities were conducted with full recognition of Plaintiff's and its

predecessor in interest's use of the "Bogart" name and trademark in worldwide

trading areas and channels of trade, including without limitation, the approved and

licensed Thomasville "Bogart" line furniture.

77.     Defendants' use of the "Bogart" name and trademark commenced

many years after it became famous, and was after and during the widespread

marketing and sale of the approved and licensed Thomasville "Bogart" line

furniture.

78.     Defendants' activities have and will continue to cause dilution of the

distinctive quality of the "Bogart" and "Humphrey Bogart" trademarks by lessening

and diluting their capacity to identify and distinguish the products and services

associated with Humphrey Bogart, to the damage and harm of Plaintiff, in violation

of the Federal Trademark Dilution Act of 1995, 15 U.S.C. §1125(c)(1).

79.     As a result of Defendants' wrongful acts, Plaintiff is entitled to recover

actual and compensatory damages suffered and a disgorgement of Defendants'

profits gained as a result of violating Plaintiff's rights.

80.     The activities of Defendants as alleged above have caused and will

cause irreparable harm to Plaintiff, for which it has no adequate remedy at law in

that: (i) if the wrongful conduct continues, the "Bogart" and "Humphrey Bogart"

trademarks risk further dilution; and (ii) Defendants' wrongful conduct, and the

damages resulting to Plaintiff, are continuing.  Accordingly, Plaintiff is entitled to

preliminary and permanent injunctive relief pursuant to 15 U.S.C. §1125(c)(2).

81.    Plaintiff is informed and believes, and based thereon alleges, that

Defendants have committed the acts alleged above: (i) with previous knowledge of

Plaintiff's (and its predecessors in interest) prior right to and use of the "Bogart"

and "Humphrey Bogart" trademarks; (ii) with the willful intent to trade on Mr.

Bogart's and Plaintiff's good will and reputation; and (iii) with the willful intent to

cause confusion, mistake, deception and/or dilution. As a result, Plaintiff is entitled,

pursuant to 15 U.S.C. §1117(a), to treble damages, and also the recovery of its

attorneys' fees, in addition to all other allowable damages that will be proved at

trial.

## SIXTH CAUSE OF ACTION

### (Unjust Enrichment)

82.    Plaintiff realleges and incorporates by this reference each and every

allegation set forth in this Complaint as if stated verbatim herein.

83.    As a result of the wrongful acts of Defendants, they each have been

unjustly enriched and benefitted.  Such unjust enrichment and benefits received

include, but are not limited to: (i) the value of the commercial use by Defendants of

the Bogart name, identity, persona, and Plaintiff's associated trademarks; and (ii)

the amount of Defendants' revenues and profits attributable to the use of the Bogart

name, identity, persona and associated trademarks, as alleged herein.

84.    Defendants, and each of them, are under an obligation to pay Plaintiff

- 24 -

COMPLAINT

the entire amount by which they have been unjustly enriched, and Plaintiff is entitled to the imposition of a constructive trust, such that Defendants, and each of them, are involuntary trustees holding all such sums in their possession for the benefit of Plaintiff with a duty to transfer the same to Plaintiff forthwith.

## SEVENTH CAUSE OF ACTION

### (Quantum Meruit)

85.    Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

86.    Defendants' (individually and collectively) misappropriated and used Plaintiff's Bogart IP rights, including the "Bogart" name and mark and celebrity identity of Humphrey Bogart without permission for the commercial purpose of promoting, marketing, advertising, and selling Defendants' "Bogart" branded products.

87.    Plaintiff regularly receives payment for the commercial use of the "Bogart" name and mark and the celebrity identity of Humphrey Bogart.

88.    At no time relevant to this action did Defendants pay Plaintiff for their use of the "Bogart" name and trademark or the celebrity identity of Humphrey Bogart within Defendants' "Bogart" furniture line.

89.    Had Defendants sought Plaintiff's permission for the "Bogart" name and trademark or the celebrity identity of Humphrey Bogart within Defendants' "Bogart" furniture line, Plaintiff would have denied the same and would not have

permitted such use.  In the event Plaintiff had authorized such uses, Plaintiff would

have expected to be paid for such use.

90.    Plaintiff is entitled to the reasonable value of Defendants' respective

unauthorized uses of his of name, image, likeness and celebrity identity. The value

of said benefit will be proven at trial, but in no event less than one million dollars

($1,000,000.00).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays judgment be entered in Plaintiff's favor and

against each Defendant, jointly and severally, as follows:

A.    For entry of a temporary, preliminary and permanent injunction

prohibiting Defendants and those in active concert or participation with Defendants

from making any commercial use of the "Bogart" name and mark or the Humphrey

Bogart publicity rights (including but not limited to Mr. Bogart's name, image,

signature, voice, likeness, celebrity identity or persona) without Plaintiff's express

written permission;

B.    For a judicial determination finding for Plaintiff and against all

Defendants, jointly and severally as to Defendant's Bogart Collection;

C.    For an award in Plaintiff's favor of compensatory, general and special

damages in accordance with proof at trial, together with interest thereon at the legal

rate;

D.    For an award of treble damages;

E.      For an award of Statutory Damages for Plaintiff's Count IV;

F.      For an award of costs and attorneys' fees related to this action;

G.      For an award of exemplary and punitive damages in an amount according to proof at trial;

H.      An award of the revenues and profits received by Defendants as a result of the unauthorized, commercial use of the "Bogart" name and associated trademarks and the Humphrey Bogart publicity rights in the marketing, advertising and sale of its furniture products;

I.      On Plaintiff's claims in equity, for the imposition of a constructive trust on all monies and sums received by Defendants as a result of their infringement of the Bogart name, trademark and publicity rights, with interest thereon at the legal rate; and

J.      For such other further relief as this Court may deem just and proper.

DATED: May 4, 2012                    MILSTEIN ADELMAN, LLP

                                      By: _____
                                      Paul D. Stevens
                                      Corina N. Maccarin
                                      Attorneys for Plaintiff Bogart,
                                      LLC

- 27 -

COMPLAINT

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all triable issues.

DATED: May 4, 2012

                                        MILSTEIN ADELMAN, LLP

                                        By: _____
                                            Paul D. Stevens
                                            Corina N. Maccarin
                                            Attorneys for Plaintiff Bogart,
                                            LLC

COMPLAINT